RICHARD C. JOHNSON (SBN 40881)
SHAAMINI A. BABU (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
djohnson@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' PENSION TRUST FUND; F.G. CROSTHWAITE and RUSSELL E. BURNS, as Trustees, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTERN POWER & EQUIPMENT CORP, an Oregon corporation; WESTERN POWER & EQUIPMENT CORP, a Delaware corporation; ARIZONA PACIFIC MATERIALS, LLC, an Arizona limited liability company; ARIZONA PACIFIC MATERIALS II LLC, an Arizona limited liability company; CHARLES DEAN McLAIN, as an individual; ROBERT RUBIN, as an individual; RUBIN FAMILY IRREVOCABLE STOCK TRUST; CASE DEALER HOLDING COMPANY, LLC (f/k/a CNH DEALER HOLDING COMPANY, LLC), a Delaware limited liability company; CNH AMERICA, LLC, a Delaware limited liability company; and DOES 1-20, <br><br> Defendants. | Case No.: CV 10-4460 PJH <br><br> **SECOND AMENDED COMPLAINT** |

## INTRODUCTION

1.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C §§1001-1461 (1982)).

2.      Defendant Western Power & Equipment Corp. is an Oregon corporation registered

1

1   to do business in California, Nevada and Washington ("WPE Oregon").   Defendant Western

2   Power & Equipment Corp. is also a Delaware corporation registered to do business in Washington

3   ("WPE Delaware").   Said entities, and DOES 1 through 10, are referred to herein collectively as

4   "WPE Defendants" unless noted otherwise.   Defendants Arizona Pacific Materials, LLC ("APM

5   I") is an Arizona limited liability company that is a wholly owned subsidiary of WPE Delaware.

6   Arizona Pacific Materials II, LLC ("APM II") is an Arizona limited liability company.   Plaintiffs

7   are informed and believe that the WPE Defendants, APM I, and APM II are under common

8   control and thus, treated as a single employer and each is jointly and severally liable for the

9   withdrawal liability under ERISA § 4001(b)(1) (29 U.S.C. §1301(b)).

10       3.      WPE Defendants were a participating single employer in the Operating Engineers'

11   Pension Trust Fund ("Trust").

12       4.      In the plan year beginning January 1, 2008, WPE Defendants withdrew from

13   participation in the Trust, which thereby triggered the Trust to assess withdrawal liability against

14   WPE Defendants in the sum of $669,055.  By letter dated December 3, 2009, Plaintiffs notified

15   WPE Defendants of their assessed withdrawal liability.   WPE Defendants failed to make any

16   quarterly installment payments.

17       5.      On March 17, 2010, Plaintiffs notified WPE Defendants they would be in default if

18   they failed to cure the delinquent installment payment that was due on February 1, 2010, within

19   sixty (60) days pursuant to ERISA.  WPE Defendants did not cure the delinquency and thus, are in

20   default which resulted in acceleration of their entire withdrawal liability on May 19, 2010.  As of

21   the filing of this Complaint, WPE Defendants have not cured their delinquent quarterly payments.

22       6.      Defendant Case Dealer Holding Company, LLC, a Delaware limited liability

23   company doing business as Case Power & Equipment and formerly known as CNH Dealer

24   Holding Company, LLC ("Case Dealer"), is a wholly owned subsidiary of CNH America, LLC, a

25   Delaware limited liability company ("CNH America").

26       7.      Defendant Case Dealer agreed to release funds to the Trust in order to satisfy the

27   withdrawal liability obligations of the WPE Defendants pursuant to the Letter Agreement referred

28

2

**SECOND AMENDED COMPLAINT**
**Case No. CV 10-4460 BZ**

1  to in paragraph 28, below.  Thus, Defendant Case Dealer is jointly and severally liable for the

2  withdrawal liability.   Defendant CNH America is liable for the withdrawal liability as the parent

3  company of Defendant Case Dealer.

4        8.      Plaintiffs are informed and believe that the Defendants Dean McLain ("Defendant

5  McLain") and Robert Rubin and Rubin Family Irrevocable Trust (collectively "Defendant

6  Rubin"), shareholders of WPE Defendants, received distributions during the time WPE

7  Defendants were dissolved.  Thus, Defendants McLain and Rubin are jointly and severally liable

8  for the withdrawal liability of WPE Defendants.

9        9.      Plaintiffs therefore, seek a money judgment against all Defendants for an award of

10  the entire assessed withdrawal liability of $669,055, plus interest, liquidated damages, attorneys'

11  fees and costs.

12        10.     Plaintiffs also seek injunctive relief against WPE Defendants to provide adequate

13  information to ascertain others members of WPE Defendants' control group under ERISA §

14  4001(b)(1) (29 U.S.C. §1301(b)).

15                                    **PARTIES**

16        11.     The Trust is an employee benefit plan as defined in ERISA § 3(3) (29 U.S.C.

17  §1002(3)), an "employee benefit pension plan" as defined in of ERISA § 3(2) (29 § U.S.C.

18  1002(2)); and a "multiemployer plan" as defined in ERISA §§ 3(37) and 4001(a)(3) (29 U.S.C. §§

19  1002(37) and 1301(a)(3)).  The Trust is jointly administered and is maintained pursuant to the

20  Labor Management Relations Act § 302(c) (29 U.S.C. § 186(c)).  The Trust is formed and

21  administered in the State of California.

22        12.     Plaintiffs F.G. Crosthwaite and Russell E. Burns are members of the Board of

23  Trustees of Trust, the "plan sponsor" within the meaning of ERISA §§ 3(16)(B)(iii) and

24  4001(a)(10)(A) (29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10)(A)).  They are therefore,

25  fiduciaries of the Trust under ERISA §§ 3(21)(A) and 402(a) (29 U.S.C. § 1002(a)).  As Trustees

26  of the Trust, they are empowered to bring this action on behalf of the Trust pursuant to ERISA §

27  4301(a)(1) - (b) and § 502(a)(3) (29 U.S.C. §§ 1132(a)(3) and 1451(a)(1) - (b)).

28

**SECOND AMENDED COMPLAINT**
**Case No. CV 10-4460 BZ**

13. Defendant WPE Oregon is an Oregon corporation registered to do business in California, Nevada and Washington. Defendant Western Delaware is a Delaware corporation registered to do business in Washington. Per filings with the Securities and Exchange Commission, WPE Delaware is a publicly held corporation. Per the Letter Agreement referenced in paragraph 28, below, WPE Delaware is the sole shareholder of WPE Oregon.

14. Defendant APM I is an Arizona limited liability company that is a wholly owned subsidiary of Defendant WPE Delaware. Defendant APM II is an Arizona limited liability company with certain of the same shareholders (i.e. Rockmore Investment Master Fund, LTD; Crestview Capital Master, LLC; Iroquois Master Fund, LTD; Portside Growth Fund; Smithfield Fiduciary, LLC; CCA Fund, LP) as WPE Delaware.

15. Plaintiffs are informed and believe that the WPE Defendants, APM I and AMP II are all members of the same control group and treated as a single employer within the meaning of ERISA §§ 3(5) and 4001(b)(1) of (29 U.S.C. §§ 1002(5) and 1301(b)) and National Labor Relations Act ("NLRA") § 2(2) (29 U.S.C. § 152(2)), that are engaged in an industry affecting commerce within the meaning of ERISA § 3(11) and (12) (29 U.S.C. § 1002(11) and (12)).

16. Defendant McLain was domiciled in Washington and the Chief Executive Officer as well as President of the WPE Defendants during all relevant time periods and owned approximately 17.5% interest in the WPE Defendants in 2008 according to filings with the Securities and Exchange Commission.

17. Plaintiffs are informed and believe that Defendant Rubin was domiciled in New York and owned approximately 41% interest in the WPE Defendants in 2008 according to filings with the Securities and Exchange Commission.

18. Defendant Case Dealer is a wholly owned subsidiary of Defendant CNH America. Defendant CNH America is liable as the parent company of Defendant Case Dealer since said entities are a single employer under labor law standards and an agency relationship exists between said entities.

19. Defendants DOES 1 through 10, are entities and/or other persons that are within the

**SECOND AMENDED COMPLAINT**
**Case No. CV 10-4460 BZ**

P:\CLIENTS\OE3PP\Cases - WL\Western Power\Pleadings\SAC\Second  Amended Complaint 031511.DOC

1    same control group as WPE Defendants under ERISA §4001(b)(1) (29 U.S.C. §1301(b)(1)).  WPE

2    Defendants failed to provide information regarding the identities of entities and persons within

3    their control group as requested by Plaintiffs in accordance with ERISA §4219(a) (29 U.S.C.

4    §1399(a)).   Thus, Plaintiffs presently do not know the identities of such entities or persons.

5    Plaintiffs are using fictitious names for the Defendants because Plaintiffs are unable to ascertain

6    their true identity at this time.  Pursuant to Fed. R. Civ. Proc. 15(a), Plaintiffs will amend the

7    Complaint to add the true names of the additional Defendants once their identities are discovered.

8        20.    Defendants DOES 11 through 20, are entities that are affiliated with Case Dealer

9    and CNH America that may be liable for the withdrawal liability of WPE Defendants under the

10   Letter Agreement.  Plaintiffs are using fictitious names for the defendants because Plaintiffs are

11   unable to ascertain their true identity at this time.  Pursuant to Fed. R. Civ. Proc. 15(a), Plaintiffs

12   will amend the Complaint to add the true names of the additional defendants once their identities

13   are discovered.

14                                       **JURISDICTION**

15       21.    Jurisdiction is conferred upon this Court over the claims asserted by the Plaintiffs

16   by virtue of §§ 4301(c) and 502(e)(1) and (f) of ERISA (29 U.S.C. §§ 1451(c) and 1132(e)(1) and

17   (f)).  Plaintiffs seek to enforce the provisions of ERISA and the terms of the Trust, redress WPE

18   Defendants' violations of ERISA, and seek all other appropriate legal or equitable relief under

19   ERISA.

20       22.    Supplemental jurisdiction is conferred upon this court over the claims asserted by

21   Plaintiffs against Defendants Case Dealer, CNH America, Defendant McLain and Defendant

22   Rubin, pursuant to 29 U.S.C. §1367, since the claims are part of the same case and controversy

23   involving WPE Defendants and derive from a common nucleus of operative facts.  Specifically,

24   the claims against Defendants Case Dealer and CNH America directly involve the withdrawal

25   liability owed by WPE Defendants for which Defendant Case Dealer is jointly and severally liable

26   under the Letter Agreement.  Defendant CNH America is liable as the parent company of

27   Defendant Case Dealer since said entities are a single employer under labor law standards and an

28

**SECOND AMENDED COMPLAINT**
**Case No. CV 10-4460 BZ**

P:\CLIENTS\OE3PP\Cases - WL\Western Power\Pleadings\SAC\Second  Amended Complaint 031511.DOC

1   agency relationship exists between said entities.  Further, the claims against Defendants McLain

2   and Rubin directly involve the withdrawal liability owed by WPE Defendants for which

3   Defendants McLain and Rubin are jointly and severally liable to the extent of the distributions

4   they received during the time WPE Defendants were dissolved.

5       23.    Further, diversity jurisdiction is conferred upon this Court under 29 U.S.C.

6   §1332(a)(1) as the Trust is administered in California and all Defendants are citizens of Delaware,

7   Oregon, Arizona, Washington or New York.

8                                **VENUE**

9       24.    Venue is conferred upon this Court by ERISA §§ 4301(c) and 502(e)(1) (29 U.S.C.

10  §§ 1451(d) and 1132(e)(2)).  Where an action is brought under ERISA §§ 4301 and 502 (29

11  U.S.C. §§ 1451 and 1132) in a district court of the United States, it may be brought at Plaintiffs'

12  discretion, in the district where the Trust is administered, where the breach took place, or where a

13  defendant resides or may be found.  Process may be served in any other district where a defendant

14  resides or may be found.  The Trust, on whose behalf the Trustees brings this action, is

15  administered in this district at its principal place of business in Alameda, California.  Thus,

16  jurisdiction and venue are properly grounded with this Court.

17                       **FACTUAL ALLEGATIONS**

18      25.    This action arises under ERISA, as amended by the Multiemployer Pension Plan

19  Amendments Act of 1980 (29 U.S.C §§ 1001-1461 (1982)).

20      26.    WPE Defendants were a participating single employer in the Trust pursuant to a

21  collective bargaining agreement ("Bargaining Agreement") with the Operating Engineers Local

22  Union. 3 ("Union").  The Union is a labor organization as defined in of the NLRA § 2(5)

23  (29 U.S.C. § 152(5)) that represents employees in an industry affecting interstate commerce.  WPE

24  Defendants were obligated to and did make contributions to the Trust on behalf of their employees

25  that were covered under that Bargaining Agreement.

26      27.    Plaintiffs are informed and believe that on or about June 2008, WPE Defendants

27  agreed to sell and Defendant Case Dealer agreed to purchase the assets of the WPE Defendants

28

6

**SECOND AMENDED COMPLAINT**
**Case No. CV 10-4460 BZ**

("Asset Purchase Agreement") for $30 million ("Purchase Price").  The sale caused WPE Defendants to make a complete withdrawal from the Trust under ERISA § 4203(b) (29 U.S.C. § 1383(b)) in the 2008 plan year.

28.    On July 1, 2008, Defendant McLain requested an estimated withdrawal liability of the WPE Defendant from the Trust.

29.    Plaintiffs are informed and believe that on or about July 3, 2008 the WPE Defendants and Defendant Case Dealer, through their agents or legal counsel, received an estimated withdrawal liability in the sum of $541,846 owed to the Trust.  Specifically, said estimated withdrawal liability was attached to an e-mail dated July 8, 2008, from WPE Defendants' counsel John Riley, Gerstan Savage LLP, to Defendant Case Dealer's counsel John Reade, Jr., Duane Morris LLP.

30.    On August 5, 2008, counsel for the WPE Defendants requested an estimated withdrawal liability of the WPE Defendants from the Trust.

31.    On August 29, 2008, WPE Defendants and Defendant Case Dealer entered into a letter agreement ("Letter Agreement") which specified that Defendant Case Dealer was unwilling to close the transactions in connection with the purchase of the assets of WPE Defendants unless provision was made for satisfaction of a possible claim by the Trust for withdrawal liability. Plaintiffs were not informed of the Letter Agreement by the Defendants until the WL Holdback Period had expired.  The Letter Agreement is attached hereto as Exhibit A.

32.    Pursuant to the Letter Agreement, Defendant Case Dealer agreed to withhold the sum of $725,000 plus 4.25% interest from the Purchase Price for a one year period from August 29, 2008, through August 29, 2009 ("WL Holdback Period"), in order to pay the withdrawal liability of the WPE Defendants ("WL Holdback").  The WL Holdback of $725,000 is almost equivalent to the estimated withdrawal liability of $669,055, referenced in paragraph 36 below, which establishes that the WPE Defendants and Defendant Case Dealer received the estimated withdrawal liability during the WL Holdback Period.

33.    Under the Letter Agreement, the WL Holdback was to be released to the Trust if a

**SECOND AMENDED COMPLAINT**
**Case No. CV 10-4460 BZ**

1  possible claim for withdrawal liability was provided to the Trust during the WL Holdback Period.

2  The Letter Agreement did not require the Trust to directly notify Defendants Case Dealer or CNH

3  America of the possible claim for withdrawal liability.   The Letter Agreement specified as

4  follows:

> *WPE has asked the Plan to determine WPE's maximum potential withdrawal liability as of the present date, assuming for the sake of such calculation a full withdrawal from the Plan, and to provide WPE with a written notice stating the amount of such potential withdrawal liability (the "Plan Notice").   WPE anticipates that it will obtain the Plan Notice by no later than September 10, 2008. The Buyer is unwilling to close the Transactions unless provision is made for satisfaction of a possible claim by the Plan for withdrawal liability (a "Claim"), and Rockmore (on behalf of itself and the Funds) has determined that it is in its best interests that the Transactions be consummated.*

34.     In the event the Trust did not make a possible claim for withdrawal liability during the WL Holdback Period, the WL Holdback was to be released to secured creditors of the WPE Defendants pursuant to the terms of the Letter Agreement.

35.     The Letter Agreement further provided that if legal action was initiated during the WL Holdback Period with respect to the potential withdrawal liability of WPE Defendants, Defendant Case Dealer would interplead the entire WL Holdback into court.   The Letter Agreement further contemplated a release of Defendants Case Dealer and CNH America.

36.     Plaintiffs are informed and believe that on or about September 2008, during the WL Holdback Period, the WPE Defendants and Defendant Case Dealer, through their agents or legal counsel, received an estimated withdrawal liability in the sum of $669,055.   Additionally, during negotiations on or about October 2008 between the Union and Defendant Case Dealer, withdrawal liability of approximately $700,000 was discussed by Thomas H. Graham, chief negotiator of CNH America with Union representatives.

37.      WPE Defendants reported contributions to the Trust for covered work performed through November 2008 and thereafter, reported zero work hours to the Trust through June 2009. As such, WPE Defendants were still reporting to the Trust two (2) months before the arbitrary one-year WL Holdback expired in August 2009.

28

P:\CLIENTS\OE3PP\Cases - WL\Western Power\Pleadings\SAC\Second  Amended Complaint 031511.DOC

**SECOND AMENDED COMPLAINT**
**Case No. CV 10-4460 BZ**

38.     By letter dated December 3, 2009, Plaintiffs notified WPE Defendants of the withdrawal liability assessed against it pursuant to ERISA § 4201- 4203 (29 U.S.C. § 1381 et seq.) due to its withdrawal from the Trust on or about December 1, 2008.  Specifically, the Trust notified WPE Defendants of the following in its December 3, 2009, letter:

(a)     The Plan had a fiscal year running from January 1 through December 31 and therefore, the withdrawal liability was calculated as of December 31, 2007, as required by ERISA §§ 4211(b)(2)(A) (29 U.S.C. § 1391(b)(2)(A)).

(b)     The withdrawal liability of WPE Defendants in the amount of $669,055 could be paid in one lump sum or in quarterly installments as follows:

| | |
|---|---|
| $34,282.17 | February 1, 2010 |
| $34,282.17 | May 1, 2010 |
| $34,282.17 | August 1, 2010 |
| $34,282.17 | November 1, 2010 |
| $34,282.17 | each succeeding quarter through August 1, 2015 |
| $1,434.61 | November 1, 2015 |

(c)     WPE Defendants had the option of challenging the calculation of the withdrawal liability by requesting review within ninety (90) days from receiving the notice of the withdrawal liability assessment as provided by ERISA § 4219(b)(2) (29 U.S.C. § 1399(b)(2)).

(d)     Any dispute concerning a determination of withdrawal liability must be resolved through arbitration provided that arbitration was timely initiated under ERISA § 4221(a) (29 U.S.C. § 1401(a)).

(e)     A list of all trades and businesses in the same controlled group was required to be provided within thirty (30) days pursuant to ERISA § 4219(a) (29 U.S.C. § 1399(a)).

39.     WPE Defendants failed to make any of the required quarterly installment payments, request review, initiate arbitration, or provide any information regarding control group members.  The time to request review expired on March 4, 2010.

40.     On March 15, 2010, WPE Defendants' counsel John Riley notified Plaintiffs' counsel via e-mail of the Letter Agreement for the first time after the WL Holdback Period had expired.  John Riley further advised that the WL Holdback was garnished by Defendant Case

P:\CLIENTS\OE3PP\Cases - WL\Western Power\Pleadings\SAC\Second  Amended Complaint 031511.DOC

1  Dealer to satisfy a judgment entered in favor of Defendant Case Dealer in July 2009 in a state

2  action against the WPE Defendants.  In reliance on said e-mail, Plaintiffs are informed and believe

3  that the entire WL Holdback was converted by Defendant Case Dealer in late 2009 for its own use

4  and benefit without notice to Plaintiffs.

5       41.    On March 17, 2010, Plaintiffs notified WPE Defendants that they would be in

6  default if they failed to cure the delinquent installment payments within sixty (60) days pursuant to

7  ERISA.  As of the filing of this Complaint, WPE Defendants have not cured their delinquent

8  quarterly payments and thus, are in default.  Under ERISA § 4219(c)(5) (29 U.S.C. § 1399(c)(5)),

9  the entire unpaid withdrawal liability of $669,055 plus interest was accelerated and became

10  immediately due on May 19, 2010.

11       42.    On September 15, 2010, Plaintiffs made a demand for the WL Holdback from

12  Defendants Case Dealer and CNH America.  Said Defendants failed and continue to fail to release

13  the WL Holdback to the Trust.

14       43.    Plaintiffs are informed and believe that WPE Defendants are now dissolved.

15  Plaintiffs are informed and believe that following the sale of assets to Defendant Case Dealer and

16  upon dissolution, Defendants McLain and Rubin received distributions from WPE Defendants.

**FIRST CAUSE OF ACTION**
**For Payment of Entire Withdrawal Liability, Interest, Liquidated Damages,**
**Attorneys' Fees and Costs Against WPE Defendants**

19       44.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 43, above.

20       45.    WPE Defendants made a "complete withdrawal" from the Trust under ERISA §

21  4203(b) (29 U.S.C. § 1383(b)) on or about December 1, 2008.

22       46.    Defendant APM I is an Arizona limited liability company that is a wholly owned

23  subsidiary of Defendant WPE Delaware.  Defendant APM II is an Arizona limited liability

24  company with certain of the same shareholders (i.e. Rockmore Investment Master Fund, LTD;

25  Crestview Capital Master, LLC; Iroquois Master Fund, LTD; Portside Growth Fund; Smithfield

26  Fiduciary, LLC; CCA Fund, LP) as WPE Delaware.  Thus, Plaintiffs are informed and believe that

27  the WPE Defendants, Defendant APM I, and Defendant APM II are under common control.

28

10

P:\CLIENTS\OE3PP\Cases - WL\Western Power\Pleadings\SAC\Second  Amended Complaint 031511.DOC

1   Accordingly, said entities are treated as a single employer and each is jointly and severally liable

2   for the withdrawal liability under ERISA § 4001(b)(1) (29 U.S.C. §1301(b)).

3       47.    Plaintiffs assessed withdrawal liability against WPE Defendants and thereafter,

4   provided the requisite sixty (60) day notice to cure delinquent quarterly installment payments

5   pursuant to ERISA § 4219(c)(5) (29 U.S.C. § 1399(c)(5)).

6       48.    To date, the delinquent quarterly installment payments have not been received by

7   the Trust from WPE Defendants and the cure period has elapsed.  Thus, WPE Defendants,

8   Defendant APM I, Defendant APM II, and all other members within their control group are in

9   default under ERISA §§ 4219(c)(5) and 4001(b)(1) (29 U.S.C. §§ 1399(c)(5) and  1301(b)).

10       49.    In the event of default, Plaintiffs are entitled to accelerate the entire unpaid

11   withdrawal liability under ERISA § 4219(c)(5) (29 U.S.C. § 1399(c)(5)).  Accordingly, Plaintiffs

12   seek judgment against WPE Defendants, Defendant APM I, Defendant APM II, and each other

13   member within their control group for the entire amount of the unpaid withdrawal liability of

14   $669,055 plus accrued interest pursuant to ERISA § 4219(c)(5) and 502(g)(2) (29 U.S.C. §

15   1399(c)(5) and 1132(g)(2)).

16       50.    ERISA § 4301(b) (29 U.S.C. § 1451(b)) provides that an action involving an

17   employer's failure to timely make withdrawal liability payments shall be treated in the same

18   manner as a delinquent contribution within the meaning of ERISA § 515 (29 U.S.C. § 1145).

19   Thus, WPE Defendants, Defendant APM I, Defendant APM II, and all other members within their

20   control group are also liable for liquidated damages and costs, including reasonable attorneys'

21   fees, pursuant to ERISA §§ 4301(b) and 502(g)(2) (29 U.S.C. § 1301(b) and 1132(g)(2)).

22       51.    Plaintiffs, therefore, seek a money judgment against WPE Defendants, Defendant

23   APM I, Defendant APM II, for an award of the entire balance of the unpaid withdrawal liability

24   plus interest, liquidated damages and costs, including attorneys' fees.

25   **SECOND CAUSE OF ACTION**
**For Breach of Contract Against Defendant Case Dealer, Defendant CNH America and WPE**
26   **Defendants By Plaintiffs As Third Party Beneficiaries of the Letter Agreement**

27       52.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 51, above.

28   
**SECOND AMENDED COMPLAINT**
**Case No. CV 10-4460 BZ**

P:\CLIENTS\OE3PP\Cases - WL\Western Power\Pleadings\SAC\Second  Amended Complaint 031511.DOC

53.     Plaintiffs are informed and believe that on or about July 2008 the WPE Defendants and Defendant Case Dealer, through their agents or legal counsel, received an estimated withdrawal liability in the sum of $541,846 owed to the Trust.  Specifically, said estimated withdrawal liability was attached to an e-mail dated July 8, 2008, from WPE Defendants' counsel John Riley, Gerstan Savage LLP, to Defendant Case Dealer's counsel John Reade, Jr., Duane Morris LLP.

54.     Plaintiffs are informed and believe that on or about September 2008, during the WL Holdback Period, the WPE Defendants and Defendant Case Dealer, through their agents or legal counsel, received an estimated withdrawal liability in the sum of $669,055.  Additionally, during negotiations on or about October 2008 between the Union and Defendant Case Dealer, withdrawal liability of approximately $700,000 was discussed by Thomas H. Graham, chief negotiator of CNH America with Union representatives.

55.     Defendant Case Dealer and WPE Defendants entered into the Letter Agreement and agreed to use the WL Holdback for the sum of $725,000 solely for the purpose of paying the withdrawal liability of WPE Defendants.  The Letter Agreement was entered into for the benefit of the Trust in that the WL Holdback was to be paid to the Trust in satisfaction of the withdrawal liability of WPE Defendants.  Absent the withdrawal liability owed to the Trust, the Letter Agreement would not exist.

56.     Defendant Case Dealer and WPE Defendants were aware of the withdrawal liability of the WPE Defendants and breached the Letter Agreement by failing to notify Plaintiffs of the Letter Agreement and failing to pay the withdrawal liability to the Trust as agreed.

57.     Defendant Case Dealer sought protection from the Trust for a potential failure by the WPE Defendants to pay its withdrawal liability yet Defendant Case Dealer did not ensure that the Trust was notified of the Letter Agreement.  WPE Defendants and Defendant Case Dealer should have notified Plaintiffs of the Letter Agreement instead of concealing it from Plaintiffs.

58.     The WL Holdback Period is inapplicable to Plaintiffs as it was an arbitrary deadline imposed by the WL Holdback Period in violation of ERISA §4212(b) (29 U.S.C. §1399(b)) and

**SECOND AMENDED COMPLAINT**
**Case No. CV 10-4460 BZ**

1   Defendant Case Dealer failed to notify Plaintiffs of said deadline.

2       59.     On September 15, 2010, Plaintiffs made a demand for the WL Holdback from

3   Defendant Case Dealer and Defendant CNH America.  Said Defendants failed and continue to fail

4   to release the WL Holdback to the Trust.

5       60.     As a result of the breach of the Letter Agreement by WPE Defendants, Plaintiffs

6   have been divested of the WL Holdback and suffered damages.

7       61.     Plaintiffs, therefore, seek a money judgment against Defendant Case Dealer,

8   Defendant CNH America, and WPE Defendants for an award of the entire balance of the unpaid

9   withdrawal liability, plus interest, liquidated damages and costs, including attorneys' fees.

10                         **THIRD CAUSE OF ACTION**
                     **Conversion Against CNH Defendants**
11

12      62.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 61, above.

13      63.     Plaintiffs are informed and believe that on or about July 2008 the WPE Defendants

14  and Defendant Case Dealer, through their agents or legal counsel, received an estimated

15  withdrawal liability in the sum of $541,846 owed to the Trust.  Specifically, said estimated

16  withdrawal liability was attached to an e-mail dated July 8, 2008, from WPE Defendants' counsel

17  John Riley, Gerstan Savage LLP, to Defendant Case Dealer's counsel John Reade, Jr., Duane

18  Morris LLP.

19      64.     Plaintiffs are informed and believe that on or about September 2008, during the

20  WL Holdback Period, the WPE Defendants and Defendant Case Dealer, through their agents or

21  legal counsel, received an estimated withdrawal liability in the sum of $669,055.  Additionally,

22  during negotiations on or about October 2008 between the Union and Defendant Case Dealer,

23  withdrawal liability of approximately $700,000 was discussed by Thomas H. Graham, chief

24  negotiator of CNH America with Union representatives.

25      65.     The Letter Agreement was entered into for the benefit of the Trust in that the WL

26  Holdback for the sum of $725,000 was to be paid to the Trust in satisfaction of the withdrawal

27  liability of WPE Defendants.  Defendant Case Dealer acknowledged that it was not entitled to the

28
**SECOND AMENDED COMPLAINT**
                                                                      **Case No. CV 10-4460 BZ**

1  WL Holdback as evidenced by the provision in the Letter Agreement specifying that Defendant

2  Case Dealer would interplead the WL Holdback if legal action was initiated during the WL

3  Holdback Period.

4        66.    Defendant Case Dealer failed to release the WL Holdback to the Trust as agreed

5  pursuant to the Letter Agreement despite the fact that Defendant Case Dealer was aware of the

6  withdrawal liability of WPE Defendants

7        67.    On March 15, 2010, WPE Defendants' counsel John Riley notified Plaintiffs'

8  counsel via e-mail of the Letter Agreement for the first time after the WL Holdback Period had

9  expired.  John Riley further advised that the WL Holdback was garnished by Defendant Case

10  Dealer to satisfy a judgment entered in favor of Defendant Case Dealer in July 2009 in a state

11  action against the WPE Defendants.  In reliance on said e-mail, Plaintiffs are informed and believe

12  that the entire WL Holdback was converted by Defendant Case Dealer in late 2009 for their own

13  use and benefit in violation of the Letter Agreement when in fact the Trust was entitled to the WL

14  Holdback.

15        68.    Accordingly, Defendant Case Dealer caused the withdrawal liability to be unpaid in

16  contravention of the purpose of the Letter Agreement thereby subjecting itself to liability.  As a

17  proximate result of conversion of the WL Holdback by Defendant Case Dealer, Plaintiffs have

18  suffered damages.

19        69.    The WL Holdback created a bailment or deposit resulting in Defendant Case Dealer

20  owing a duty to the Trust to ensure that the Trust was notified of the WL Holdback and to ensure

21  that it was paid to the Trust.  Defendant Case Dealer breached their duties to the Trust as bailee

22  by:

23            (a)    Failing to notify the Trust of the Letter Agreement and WL Holdback;

24            (b)    Imposing an arbitrary deadline and failing to notify the Trust of the WL

25  Holdback Period;

26            (c)    Failing to notify the Trust that Defendant Case Dealer was converting the

27  WL Holdback to satisfy a judgment entered in their favor in an action against WPE Defendants;

28

**SECOND AMENDED COMPLAINT**
**Case No. CV 10-4460 BZ**

and

        (d)     Failing to pay the WL Holdback to the Trust.

70.     By establishing a WL Holdback account the CNH Defendants placed itself in a fiduciary relationship with the Trust and its participants.  The CNH Defendants breached their fiduciary duty by failing to notify the Trust of the WL Holdback Period, failing to extend the WL Holdback Period, and causing the Trust to be divested of the WL Holdback and suffer losses.

71.     On September 15, 2010, Plaintiffs made a demand for the WL Holdback from Defendants Case Dealer and CNH America.  Said Defendants failed and continue to fail to release the WL Holdback to the Trust.

72.     Plaintiffs, therefore, seek a money judgment against Defendant Case Dealer for an award of the entire balance of the unpaid withdrawal liability, plus interest, liquidated damages and costs, including attorneys' fees.

## FOURTH CAUSE OF ACTION
**Against Defendant CNH America as the Parent Company of Defendant Case Dealer**

73.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 72, above.

74.     Defendant CNH America is liable for the withdrawal liability as the parent company of Defendant Case Dealer since said entities are a single employer under labor law standards and an agency relationship exists between said entities as evidenced by the following:

        (a)     Defendant CNH America is the sole member of Defendant Case Dealer and the entities share a website www.cnh.com;

        (b)     In October and November 2008, Thomas H. Graham, the chief negotiator for Defendant CNH America, negotiated with the Union in an attempt to enter into a collective bargaining agreement on behalf of the employees of Defendant Case Dealer.  Thus, the same individual controls labor relations for both entities.

        (c)     On November 6, 2008, Defendants Case Dealer and CNH America's counsel Larry G. Hall sent a letter to the Union's counsel stating that Defendant CNH America created Defendant Case Dealer solely for the purpose of acquiring the assets of the WPE

15

Defendants.  Thus, Defendant CNH America exercised control over the formation and purpose of Defendant Case Dealer.

(d)     On November 17, 2008, Michael P. Going, Vice-President and General Counsel of Defendant CNH America, executed an agreement on behalf of Defendant Case Dealer. Thus, an officer of Defendant CNH America exercised control over the operations of Defendant Case Dealer and entered into agreements binding Defendant Case Dealer.

(e)     On November 24, 2008, Thomas H. Graham, sent correspondence on letterhead for CNH America and Fiat Group to counsel for the Union regarding the negotiations involving the employees of Defendant Case Dealer.  Thus, separateness between the entities was not maintained.

(f)     Defendant Case Dealer secured a possible release for Defendant CNH America under the Letter Agreement.  Thus, Defendant Case Dealer was authorized to act as an agent for Defendant CNH America.

75.     Plaintiffs, therefore, seek a money judgment against Defendant CNH America as the parent company of Defendant Case Dealer for an award of the entire balance of the unpaid withdrawal liability, plus interest, liquidated damages and costs, including attorneys' fees.

**FIFTH CAUSE OF ACTION**
**Against WPE and CNH Defendants for Engaging In Transactions to**
**Evade and Avoid Withdrawal Liability**

76.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 75, above.

77.     The sole purpose of the Letter Agreement was to ensure that the WPE Defendants' withdrawal liability was paid to the Trust.  The WL Holdback was specifically earmarked and set-aside to satisfy the withdrawal liability owed to the Trust by the WPE Defendants.  Defendant Case Dealer was in possession of the WL Holdback with the understanding that upon notice of WPE Defendants' withdrawal liability, Defendant Case Dealer was responsible for releasing the WL Holdback to the Trust pursuant to the Letter Agreement.

16

**SECOND AMENDED COMPLAINT**
**Case No. CV 10-4460 BZ**

78.     Defendant Case Dealer acknowledges that it was not entitled to the WL Holdback as evidenced by the provision in the Letter Agreement specifying that Defendant Case Dealer would interplead the WL Holdback if legal action was initiated during the WL Holdback Period.

79.     Plaintiffs are informed and believe that on or about July 2008 the WPE Defendants and Defendant Case Dealer, through their agents or legal counsel, received an estimated withdrawal liability in the sum of $541,846 owed to the Trust.  Specifically, said estimated withdrawal liability was attached to an e-mail dated July 8, 2008, from WPE Defendants' counsel John Riley, Gerstan Savage LLP, to Defendant Case Dealer's counsel John Reade, Jr., Duane Morris LLP.

80.     Plaintiffs are informed and believe that on or about September 2008, during the WL Holdback Period, the WPE Defendants and Defendant Case Dealer, through their agents or legal counsel, received an estimated withdrawal liability in the sum of $669,055.  Additionally, during negotiations on or about October 2008 between the Union and Defendant Case Dealer, withdrawal liability of approximately $700,000 was discussed by Thomas H. Graham, chief negotiator of CNH America with Union representatives.

81.     Plaintiffs assessed WPE Defendants as soon as practicable on December 3, 2009, after its withdrawal in accordance with ERISA §4212(b) (29 U.S.C. §1399(b)).

82.     Defendant Case Dealer failed to release the WL Holdback to the Trust as agreed pursuant to the Letter Agreement despite the fact that Defendant Case Dealer was aware of the withdrawal liability of WPE Defendants. Neither Defendant Case Dealer, nor the WPE Defendants, ensured that Plaintiffs were notified of the WL Holdback Period and that the WL Holdback was released to the Trust.

83.     A principal purpose of the arbitrary deadline imposed by the WL Holdback Period in violation of ERISA §4219(b) (29 U.S.C. §1399(b)) was for Defendants to evade or avoid withdrawal liability.

84.     WPE Defendants and Defendant Case Dealer should have notified Plaintiffs of the Letter Agreement instead of concealing it from Plaintiffs.  A principal purpose of the failure by

17

**SECOND AMENDED COMPLAINT**
**Case No. CV 10-4460 BZ**

1   Defendant Case Dealer and WPE Defendants to notify Plaintiffs of the WL Holdback and the WL
2   Holdback Period was to evade or avoid withdrawal liability.

3         85.     A principal purpose of Defendant Case Dealer converting the WL Holdback for
4   their own use and benefit without interference by the WPE Defendants was for WPE and
5   Defendant Case Dealer to evade or avoid withdrawal liability.

6         86.     Thus, the transfer of the WL Holdback to Defendant Case Dealer must be
7   disregarded pursuant to ERISA §4212(c) (29 U.S.C. §1392(c)).

8         87.     Plaintiffs are entitled to reach the entire WL Holdback to satisfy the judgment in
9   this action.

10                            **SIXTH CAUSE OF ACTION**
11          **Against Defendant Case Dealer As Successor of WPE Defendants**

12        88.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 87, above.

13        89.     Defendant Case Dealer is liable for the withdrawal liability of WPE Defendants as
14  its successors in interest.

15        90.     Plaintiffs are informed and believe that on or about July 2008 the WPE Defendants
16  and Defendant Case Dealer, through their agents or legal counsel, received an estimated
17  withdrawal liability in the sum of $541,846 owed to the Trust.  Specifically, said estimated
18  withdrawal liability was attached to an e-mail dated July 8, 2008, from WPE Defendants' counsel
19  John Riley, Gerstan Savage LLP, to Defendant Case Dealer's counsel John Reade, Jr., Duane
20  Morris LLP.

21        91.     Plaintiffs are informed and believe that on or about September 2008, during the
22  WL Holdback Period, the WPE Defendants and Defendant Case Dealer, through their agents or
23  legal counsel, received an estimated withdrawal liability in the sum of $669,055.  Additionally,
24  during negotiations on or about October 2008 between the Union and Defendant Case Dealer,
25  withdrawal liability of approximately $700,000 was discussed by Thomas H. Graham, chief
26  negotiator of CNH America with Union representatives.

27        92.     Defendant Case Dealer was aware that the WPE Defendants were subject to

28

**SECOND AMENDED COMPLAINT**
**Case No. CV 10-4460 BZ**

1  withdrawal liability and chose to assume the obligation to pay the withdrawal liability as

2  evidenced by the Letter Agreement.

3      93.     Plaintiffs are informed and believe that there is substantial continuity between the

4  Defendant Case Dealer and the WPE Defendants in that Defendant Case Dealer have employed

5  the same Union members, operated at the same facilities under the same working conditions, used

6  the same phone numbers, provided the same services, sold the same type of equipment, used the

7  same equipment and inventory, and have some of the same customers as WPE Defendants

8  following the sale of assets under the Purchase Agreement.

9      94.     On November 6, 2008, Defendants Case Dealer and CNH America's counsel Larry

10  G. Hall sent a letter to the Union's counsel stating that Defendant Case Dealer is the successor of

11  the WPE Defendants.

12      95.     Thus, Plaintiffs are entitled to a judgment against Defendant Case Dealer as

13  successors of WPE Defendants for the entire amount of the withdrawal liability, interest,

14  liquidated damages, attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**
**Against Defendants McLain and Rubin To the Extent of Distributions**
**Received Upon Dissolution of WPE Defendants**

15
16

17      96.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 95, above.

18      97.     Under Cal. Corp. Code §2110(a), 8 Del. C. 1953, §242, and Or. Rev. Stat. §60.645,

19
20  shareholders are liable for the debt of a corporation to the extent of the distributions they received

21  upon the dissolution of the corporation.

22      98.     As shareholders with approximately 58.5% interest in WPE Defendants in 2008,

23  Plaintiffs are informed and believe that Defendants McLain and Rubin received distributions upon

24  the dissolution of WPE Defendants.

25      99.     Accordingly, Defendants McLain and Rubin are liable for the withdrawal liability

26  of WPE Defendants, interest, liquidated damages, attorneys' fees and costs to the extent of the

27

28

19

**SECOND AMENDED COMPLAINT**
**Case No. CV 10-4460 BZ**

distributions they each received from WPE Defendants upon its dissolution.

100.    Thus, Defendants McLain and Rubin, as trustees, are in possession of the distributions they received from the WPE Defendants during its dissolution for the benefit of the Trust.

101.    Plaintiffs, therefore, seek an order imposing a constructive trust on the distributions received by Defendants McLain and Rubin during the dissolution of WPE Defendants in favor of the Trust.

### EIGHTH CAUSE OF ACTION
### Injunctive Relief Against WPE Defendants

102.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 101, above.

103.    WPE Defendants have failed to provide the Trust with all necessary information requested by the Trust to identify each member within their control group as required by ERISA § 4219(a) (29 U.S.C. § 1399(a)).

104.    The failure of WPE Defendants to make the quarterly withdrawal liability payments and provide information regarding control group members in accordance with ERISA § 4219(c)(2) (29 U.S.C. § 1399(c)(2)) has caused the Trust to sustain loss of investment income and incur administrative and legal expenses.

105.    WPE Defendants' failure to comply with the law has caused the Trust to suffer immediate, continuing, and irreparable injury, and Plaintiffs are without an adequate remedy at law.

106.    Due to WPE Defendant's failure to provide information regarding control group members, Plaintiffs are unable to ascertain all members of Defendants' control group.  Thus, injunctive relief as prayed for below is proper.

### PRAYER

WHEREFORE, Plaintiffs pray for the following relief:

1.    For a judgment providing that WPE Defendants, Defendant APM I, Defendant

**SECOND AMENDED COMPLAINT**
**Case No. CV 10-4460 BZ**

P:\CLIENTS\OE3PP\Cases - WL\Western Power\Pleadings\SAC\Second  Amended Complaint 031511.DOC

APM II, are jointly and severally liable to immediately pay to Plaintiffs the following sums due to their failure to pay the withdrawal liability in violation of ERISA and in breach of the Letter Agreement:

> (i)      The entire balance of the unpaid withdrawal liability of $669,055;

> (ii)     Interest pursuant to ERISA §§ 4219(c)(5)-(6) and 502(g)(2) (29 U.S.C. §§ 1399(c)(5) and (6) and 1132(g)(2));

> (iii)    Pursuant to ERISA §§ 4301(b) and 502(g)(2) (29 U.S.C. §§ 1451(b) and 1132(g)(2)) liquidated damages equal to the greater of:

>> (a)     The accrued interest on the unpaid withdrawal liability at the time of judgment, or

>> (b)     An amount equal to twenty percent (20%) of the amount of unpaid withdrawal liability; and

> (iv)    Attorneys' fees and costs incurred by Plaintiffs in connection with this action as permitted by ERISA §§ 4301(e) and 502(g) (29 U.S.C. §§ 1451(e) and 1132(g)).

2.      For a judgment providing that Defendant Case Dealer is jointly and severally liable to immediately pay to Plaintiffs the withdrawal liability of $669,055, plus liquidated damages, interest, attorneys' fees and costs as a result of their breach of the Letter Agreement, conversion of the WL Holdback, participation in transactions to evade or avoid withdrawal liability, and as successors of WPE Defendants.

3.      For a judgment providing that Defendant CNH America is jointly and severally liable for the withdrawal liability as the parent company of Defendant Case Dealer since both entities are a single employer and an agency relationship existed between the two entities.

4.      For an order imposing a constructive trust on the WL Holdback in favor of the Trust and naming Defendant Case Dealer as trustees.

5.      For a judgment providing that Defendants McLain and Rubin are jointly and severally liable to immediately pay to Plaintiffs the withdrawal liability of $669,055, plus

**SECOND AMENDED COMPLAINT**
**Case No. CV 10-4460 BZ**

1  liquidated damages, interest, attorneys' fees and costs to the extent of the distributions they

2  received upon the dissolution of WPE Defendants.

3       6.      For an order imposing a constructive trust on the distributions Defendants McLain

4  and Rubin received during the dissolution of WPE Defendants in favor of the Trust and naming

5  Defendants McLain and Rubin as trustees.

6       7.      For injunctive relief ordering WPE Defendants to provide documentation of all

7  trades or businesses which are within their control group as defined in ERISA § 4001(b)(1) (29

8  U.S.C. § 1301(b)).

9       8.      Such other relief as this Court deems appropriate pursuant to ERISA § 502(g)(2)(E)

10  (29 U.S.C. §1132(g)(2)(E)).

11

12  Dated:   March 16, 2011          SALTZMAN & JOHNSON LAW CORPORATION

13

14                        By:  _____/S/_____

15                          Shaamini A. Babu
                        Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

**SECOND AMENDED COMPLAINT**
**Case No. CV 10-4460 BZ**