# *EXHIBIT A*

PLAINTIFFS' SECOND AMENDED COMPLAINT

Operating Engineers' Pension Trust Fund, et al. v. Western Power & Equipment Corp. an Oregon corporation, et al.

*USDC, Case No.: CV 10-4460-PJH*

CASE DEALER HOLDING COMPANY LLC
(f/k/a CNH Dealer Holding Company LLC)
621 State Street
Racine, WI 53402


August 29, 2008


Rockmore Investment Master Fund, Ltd.
150 East 58th Street, 28th Floor
New York, NY 10155

Western Power & Equipment Corp. (Oregon)
6407-B N.E. 117th Avenue
Vancouver, WA 98662

Western Power & Equipment Corp. (Delaware)
6407-B N.E. 117th Avenue
Vancouver, WA 98662


Gentlemen:

Reference is made to: (a) that certain Assets Sale and Purchase Agreement dated June 20, 2008 (the "Purchase Agreement") by and among Western Power & Equipment Corp., an Oregon corporation ("WPE"), Western Power & Equipment Corp., a Delaware corporation and the sole shareholder of WPE ("WPE Parent"), and Case Dealer Holding Company LLC, a Delaware limited liability company (f/k/a CNH Dealer Holding Company LLC) (the "Buyer"), a wholly owned subsidiary of CNH America LLC ("CNH"); and (b) that certain letter agreement dated June 23, 2008 (the "Rockmore Letter") from Rockmore Investment Master Fund, Ltd. ("Rockmore"), individually and as agent for the other senior secured noteholders identified in that certain Securities Purchase Agreement dated as of June 8, 2005, as amended (collectively with Rockmore, the "Funds") to the Buyer, CNH and CNH Capital America LLC. Capitalized terms used herein and not defined shall have the meanings given them in the Purchase Agreement.

By the terms of Sections 2.7 and 10.1(b) of the Purchase Agreement, Closing of the Transactions was to occur by no later than August 19, 2008, absent agreement of the parties to extend the Closing Date/Termination Date. Under the terms of Section 8.1(a) of the Purchase Agreement, it is a condition precedent to the Closing that the shareholders of WPE and WPE Parent shall have approved the Transactions. WPE Parent has informed the Buyer that it will obtain shareholder approval of the Transactions by no earlier than August 28, 2008, and has requested that the Buyer consent to an extension of the Closing Date/Termination Date. In addition, the Rockmore Letter provides by its terms that Closing under the Purchase Agreement must occur within 3 days following receipt of the aforesaid shareholder approval.

The parties further acknowledge and agree that, under Section 2.3(b)(vi) of the Purchase Agreement, the Buyer is not assuming and shall have no responsibility for "any Liability arising under or relating to any Benefit Plans" of WPE. WPE has informed the Buyer that it is a participant in a "multiemployer plan" maintained by the Operating Engineers Pension Trust Fund (the "Plan")



under and pursuant to WPE's agreement with Operating Engineers Local Union No. 3 (the "Union"), and that it may become subject to withdrawal liability under the Plan. In particular, WPE could become subject to liability for a partial withdrawal resulting from the Transactions, or for a full withdrawal, depending upon events occurring after the Closing Date. WPE and WPE Parent acknowledge and agree that the Buyer, under the terms of the Purchase Agreement, shall not be liable for any Liability attributable to WPE's participation in or withdrawal from the Plan.

WPE has asked the Plan to determine WPE's maximum potential withdrawal liability as of the present date, assuming for the sake of such calculation a full withdrawal from the Plan, and to provide WPE with a written notice stating the amount of such potential withdrawal liability (the "Plan Notice"). WPE anticipates that it will obtain the Plan Notice by no later than September 10, 2008. The Buyer is unwilling to close the Transactions unless provision is made for satisfaction of a possible claim by the Plan for withdrawal liability (a "Claim"), and Rockmore (on behalf of itself and the Funds) has determined that it is in its best interests that the Transactions be consummated.

Accordingly, by execution and delivery of this letter agreement, the Buyer and the other parties hereto hereby consent and agree to an extension of the Closing Date/Termination Date to August 29, 2008.

In addition, by execution and delivery of this letter agreement, the parties hereby agree that, in addition to the $1,000,000 Holdback provided for in the Purchase Agreement (the "Original Holdback"), at the Closing the Buyer may deduct and hold back from the "net proceeds of the sale" (as defined in the Rockmore Letter), an amount equal $725,000 (the "WL Holdback"). The parties intend that the WL Holdback will be equal to the maximum potential withdrawal liability as determined by the Plan and stated in the as yet to be received Plan Notice. If the amount set forth in the Plan Notice is less than the WL Holdback, then the difference between the WL Holdback and the amount set forth in the Plan Notice, plus any interest accruing thereon in accordance with the terms hereof, will be released to Rockmore for the benefit of the Funds and the remainder of the WL Holdback shall be held and released in accordance with the provisions of this letter agreement.

If the amount set forth in the Plan Notice is greater than the WL Holdback, then the difference between the amount set forth in the Plan Notice and the WL Holdback (the "WL Holdback Deficiency"), will, upon the termination of the Original Holdback with a Holdback Amount remaining under the Original Holdback, be added to the WL Holdback by the Buyer and the WL Holdback, as supplemented in accordance with this paragraph, shall be held and released in accordance with the provisions of this letter agreement. Any Holdback Amount remaining under the Original Holdback, after giving effect to this paragraph and after giving effect to Section 9.5 of the Purchase Agreement, will be released to Rockmore for the benefit of the Funds.

The amount of the WL Holdback shall bear interest at a fixed rate per annum equal to the "Prime Rate," as published by the Wall Street Journal on the Closing Date, plus one percent (1%) ("Interest"), from the Closing Date until released as hereinafter provided, which Interest shall accrue monthly and be added to the WL Holdback. The parties expressly acknowledge and agree that this letter agreement is not intended and should not be construed as an admission by any party as to the amount of any withdrawal liability owed by WPE.

Buyer shall be entitled to hold the WL Holdback for a period of one (1) year following the Closing Date (the "WL Holdback Period"). If the Plan does not make a Claim during the WL Holdback Period, then Buyer shall at the end of the WL Holdback Period release the full amount of



the WL Holdback to Rockmore for the benefit of the Funds. If the Plan makes a Claim during the WL Holdback Period, then the WL Holdback Period shall be extended until the earlier of: (1) such time as the Plan has entered into a written agreement with WPE providing for full and final settlement of the Claim (together with any required approval of the PBGC) and, if obtainable through the exercise of commercially reasonable efforts by WPE, a release, releasing WPE, WPE Parent, CNH and the Buyer from any and all claims or Liability arising with respect to the Claim or the Plan or (2) the date on which WPE and Buyer mutually agree that WPE has made commercially reasonable efforts to obtain a settlement agreement and release with the Plan and notwithstanding those efforts the Plan refuses to enter into such an agreement and release ("Extended WL Holdback Period"). If and to the extent such a settlement agreement provides for a payment to be made to the Plan or the Extended WL Holdback Period ends because no such settlement agreement can be obtained after commercially reasonable efforts have been taken to obtain such an agreement (as described above), the Buyer will release funds from the WL Holdback (up to the full amount thereof) to WPE or, in its discretion after consultation with WPE, directly to the Plan to satisfy WPE's payment obligation, and WPE shall remain solely liable for any remaining unpaid portion of the amount owed. If, after making the aforesaid payment, there remain funds in the WL Holdback, the Buyer shall promptly pay over such funds directly to Rockmore for the benefit of the Funds. During the WL Holdback Period and the Extended WL Holdback Period, the Buyer shall release and pay to WPE, or in its discretion, directly to the Plan such minimum amounts necessary to pay when due any installment payments WPE owes to the Plan under the payment schedule established by the Plan pursuant to ERISA Section 4219 with respect to WPE's withdrawal liability that is the subject of a Claim.

Notwithstanding the forgoing, if at any time during the WL Holdback Period or the Extended WL Holdback Period the Union, the Plan or any other Person commences a legal action before an arbitrator or judge against the Buyer, CNH or any of their respective Affiliates (collectively, the "CNH Parties") with respect to a Claim, then the Buyer shall be entitled, in its discretion, to interplead all of the WL Holdback into a court or other tribunal of competent jurisdiction, and thereafter be fully relieved from any and all liability or obligation with respect thereto. The parties hereto other than the Buyer further agree to pursue any redress or recourse in connection with such Claim without making any of the CNH Parties a party to the same. Any payment of the WL Holdback to the applicable tribunal will be conditioned upon the agreement by the tribunal to release and pay to the Plan such minimum amounts necessary to pay when due any installment payments WPE owes to the Plan under the payment schedule established by the Plan pursuant to ERISA Section 4219 with respect to WPE's withdrawal liability that is the subject of the legal action.

If the Buyer seeks to interplead all of the WL Holdback before the termination of the Original Holdback and at the time of such interpleader motion there is a WL Holdback Deficiency, then, notwithstanding that a Holdback Amount remains subject to the provisions of the Original Holdback, an amount equal to the Holdback Deficiency, will be transferred from the Original Holdback and will be added to the WL Holdback by the Buyer and the WL Holdback, as supplemented by this paragraph, will be interpleaded in accordance with the provisions of this paragraph.

The parties wish to take the opportunity of this letter agreement to further acknowledge that the Buyer and WPE have agreed that certain costs of bringing the Acquired Locations into full compliance with Environmental Law are the responsibility of WPE, and that such costs (as mutually agreed by WPE and the Buyer) will be paid out of the Original Holdback following the Closing Date.

The parties further wish to confirm that Buyer is authorized to pay from the net proceeds of the sale approximately $673,000 to CNH Capital America LLC to buy out leases of the following equipment: Case Articulated Truck model 340, HHD000730; Case Articulated Truck model 340, HHD000729; and Case Excavator model CX460, DAC461218 (the "Mine Equipment"). The parties acknowledge that the Mine Equipment is located on the property of and presently in use by Arizona Pacific Materials, LLC, a wholly-owned subsidiary of WPE Parent. It is understood that upon payment of the aforesaid payoff amount title to the Mine Equipment will pass to WPE, subject to the first priority lien of Rockmore, individually and as agent for the Funds.

Please indicate your agreement with the foregoing by executing the Acknowledgment below and returning a signed copy to my attention.

**Case Dealer Holding Company LLC**

By: _/s/ James Hasler_
Name/Title: James Hasler
Chief Executive Officer and President

## ACKNOWLEDGMENT

Intending to be legally bound, the undersigned have executed this letter agreement as of the date set forth above.

**Rockmore Investment Master Fund, Ltd., individually and as agent for the Funds**

By: _____
Name/Title: _____

**Western Power & Equipment Corp., an Oregon corporation**

By: _/s/ C. Dean McLain_
Name/Title: C. Dean McLain
Chief Executive Officer and President

**Western Power & Equipment Corp., a Delaware corporation**

By: _/s/ C. Dean McLain_
Name/Title: C. Dean McLain
Chief Executive Officer and President

The parties further wish to confirm that Buyer is authorized to pay from the net proceeds of the sale approximately $673,000 to CNH Capital America LLC to buy out leases of the following equipment: Case Articulated Truck model 340, HHD000730; Case Articulated Truck model 340, HHD000729; and Case Excavator model CX460, DAC461218 (the "Mine Equipment"). The parties acknowledge that the Mine Equipment is located on the property of and presently in use by Arizona Pacific Materials, LLC, a wholly-owned subsidiary of WPE Parent. It is understood that upon payment of the aforesaid payoff amount title to the Mine Equipment will pass to WPE, subject to the first priority lien of Rockmore, individually and as agent for the Funds.

Please indicate your agreement with the foregoing by executing the Acknowledgment below and returning a signed copy to my attention.

Case Dealer Holding Company LLC

By: _____
Name/Title: _____

## ACKNOWLEDGMENT

Intending to be legally bound, the undersigned have executed this letter agreement as of the date set forth above.

Rockmore Investment Master Fund, Ltd.,
individually and as agent for the Funds

By: _____
Name/Title: *Bruce Bernstein / President*

Western Power & Equipment Corp., an
Oregon corporation

By: _____
Name/Title: _____

Western Power & Equipment Corp., a
Delaware corporation

By: _____
Name/Title: _____