UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OPERATING ENGINEERS &
PENSION TRUST FUND, et al.,

       Plaintiffs,

    v.

WESTERN POWER & EQUIPMENT CORP., et al.,

       Defendants.
_____/

No. C 10-4460 PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Defendants' motion to dismiss came on for hearing before the court on February 16, 2011. Plaintiffs Operating Engineers' Pension Trust Fund ("Trust Fund"), and individual Trustees of the Trust Fund, F.G. Crosthwaite and Russell E. Burns (collectively "plaintiffs") appeared through their counsel, Shaamini Babu. Defendants Case Dealer Holding Company LLC ("Case Dealer") and CNH America, LLC ("CNH America")(collectively "CNH defendants") appeared through their counsel, Steven Brenneman. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS defendants' motion in part and DENIES the motion in part, as stated at the hearing, and summarized as follows.

    1.    As a preliminary matter, plaintiffs have failed to adequately allege a basis for parent liability of CNH America over its subsidiary, Case Dealer. Defendants correctly note that the general rule is that a parent corporation will not be liable for the acts of its subsidiaries, absent some theory upon which the parent may be made accountable (e.g., agency, alter ego, etc.). See United States v. Bestfoods, 524 U.S. 51, 61, (1998).

Plaintiffs' complaint makes only one allegation as to defendant CNH America – i.e., that CNH America is the parent company of Case Dealer – and contains no other allegations regarding any degree of control that CNH America had over Case Dealer, any acts specifically undertaken by CNH America on its own, or any authorization that CNH America gave to Case Dealer in connection with any of the events at issue.  See First Amended Complaint ("FAC"), ¶¶ 6, 18.  To the extent, moreover, that plaintiffs rely upon the letter agreement attached as Exhibit A to the First Amended Complaint in order to demonstrate a basis for parent liability, the letter agreement simply describes Case Dealer as a "wholly owned subsidiary of CNH America," makes no mention of any affirmative representations undertaken by CNH America, does not evidence any type of relationship in existence between Case Dealer and CNH America, and is executed only by Case Dealer – not CNH America.  See FAC, Exhibit A ("Letter Agreement"), p. 1, first paragraph; p. 4.

   Thus, plaintiffs' allegations are insufficient to establish any kind of plausible basis for parent liability for the acts of the subsidiary, and the court therefore GRANTS defendants' motion to dismiss defendant CNH America from the action.  Leave to amend is granted, however, so that plaintiffs may plausibly allege facts establishing a basis for a finding of parent liability.  In so amending, plaintiffs must rely on more than the letter agreement to establish a basis for parent liability.

   2. Plaintiffs' claim for breach of contract – which is premised on the attached letter agreement – fails to state viable claim for relief as to defendant Case Dealer.  To the extent that plaintiffs, who are not a party to the letter agreement, argue that a breach claim may be asserted against defendant by virtue of the plaintiffs' third party beneficiary status, the court finds that plaintiffs have failed to sufficiently allege as much.  Under California law, a purported third-party beneficiary must show that the contract was "made expressly for the benefit of a third person." Cal. Civ. Code § 1559; Tr. of Screen Actors Guild-Producers Pension and Health Plans v. NYCA, Inc., 572 F.3d 771, 779 (2009); see also Spinks v. Equity Residential Briarwood Apts., 171 Cal. App. 4th 1004 (2009)("it is not enough that the

third party would incidentally have benefitted from performance.... The contracting parties must have intended to confer a benefit on the third party")(citation and internal quotation marks omitted).  The letter agreement in question does not disclose any affirmative promise by Case Dealer to convey unpaid withdrawal liability to the Trust, but rather expressly limits Case Dealer's liability for any unpaid withdrawal liability and in the process, reflects a pre-existing obligation that WPE has to plaintiffs – i.e., an incidental benefit.  And while plaintiffs contend that the Trust provided Case Dealer with notice of withdrawal liability sufficient to support third party beneficiary status, the complaint nowhere alleges as much.  Accordingly, plaintiffs have failed to allege any third party beneficiary status, and the breach claim is therefore DISMISSED on these grounds.

Even assuming plaintiffs' ability to adequately allege third party beneficiary status, the latter point also warrants dismissal of plaintiffs' breach of contract claim on grounds that plaintiffs failed to adequately allege the elements of a breach claim.  See, e.g., First Comm. Mort. Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001)("A claim for breach of contract under California law consists of the following elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage resulting from the breach.").  Plaintiffs premise the breach claim in part upon plaintiffs' alleged submission of a claim for estimated withdrawal liability in September 2008 to WPE defendants, during the WL Holdback period, and Case Dealer's failure to release the WL Holdback funds upon receipt of that estimated withdrawal liability, as per the terms of the letter agreement.  See FAC, ¶¶ 31; Letter Agreement at p.2.  As noted, however, plaintiffs never allege that they provided any estimate of withdrawal liability to Case Dealer specifically – only to the WPE defendants.  See id.  Nor have they otherwise alleged that Case Dealer was made aware of any potential claim in September 2008 or during any other portion of the WL Holdback period.

Accordingly, for the foregoing reasons, plaintiffs' breach of contract claim is DISMISSED.  The dismissal is with leave to amend, however, so that plaintiffs may

properly allege both third party beneficiary status and an adequate breach of contract claim.

   3.  Plaintiffs' conversion claim against defendant Case Dealer similarly fails. The elements of a conversion claim are (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. Oakdale Vill. Grp. v. Fong, 43 Cal. App. 4th 539, 543-44 (1996). Plaintiffs have failed to allege the first and second of these prongs. With respect to the first – i.e., plaintiff's ownership or right to possession of property (here, ownership of the WL Holdback amount) – plaintiffs argue that the WL Holdback is the property of the Trust since it was to be used to pay the WPE's liability, as demonstrated by the letter agreement. However, while true that the letter agreement clearly contemplates that the WL Holdback amount was set aside in order to satisfy a possible claim by the Trust as to WPE's withdrawal liability, this is distinct from any avowal that the money set aside for this purpose constitutes plaintiffs's property. Nor have plaintiffs anywhere alleged in their complaint that any party – WPE or Case Dealer – has conceded plaintiffs' claim for withdrawal liability in the first place. Furthermore, to the extent plaintiffs contend that the September 2008 estimation of withdrawal liability provided to Case Dealer constituted a transfer of the WL Holdback to the Trust as property, as already stated, plaintiffs have nowhere alleged that they provided the September 2008 estimation to Case Dealer specifically – only that they provided it to the WPE defendants.

  With respect to the second conversion prong – i.e., that defendants have engaged in wrongful conduct – plaintiffs contend in part that defendant engaged in wrongful conduct by concealing the letter agreement and WL Holdback from the trust, and failing to notify the Trust of the WL Holdback. However, plaintiffs have nowhere alleged any duty anywhere in the letter agreement or otherwise that placed upon Case Dealer – a non-party to the ERISA Trust in question – a duty to inform plaintiffs of the WL Holdback, or the letter agreement itself. Without any such duty, defendant cannot be liable for any unlawful concealment.

4

4.     Plaintiffs' claim for constructive trust against Case Dealer is DISMISSED with prejudice.  There is no independent claim for a constructive trust; rather it is treated as an equitable remedy.  Phoenix Techs. Ltd. v. DeviceVM, 2009 WL 4723400, *6 (N.D. Cal. Dec. 8, 2009)("The Court concludes that a constructive trust is not a claim, but a remedy"); see also Batt v. City and County of San Francisco, 155 Cal. App. 4th 65, 82 (2007); Glu-Fold, Inc. v. Slautterback Corp., 82 Cal. App. 4th 1018, 1023 n. 3 (2000).

5.     Plaintiffs have also failed to state a viable claim against defendant pursuant to ERISA § 4212(c), codified at 29 U.S.C. § 1392(c).  Plaintiffs have not alleged that the sale of assets by WPE to CASE DEALER, and the resulting letter agreement that stemmed from that sale, were entered into for the express purpose of avoiding or evading withdrawal liability.  Indeed, plaintiffs' allegations appear to allege the opposite: plaintiffs allege that WPE defendants agreed to sell to the CNH defendants certain of their assets for $30 million and that a letter agreement was subsequently entered into in which the CNH defendants specified that they were unwilling to close on the sale unless a provision was included for satisfaction of a possible claim by the Trust for withdrawal liability.  FAC, ¶¶ 27-28.  These allegations do no more than allege a regular arm's length transaction between commercial entities.  Thus, plaintiffs have failed to allege the type of sham transaction – i.e., changes in identify, form, control, or transactions which are less than bona fide and arm's length – that is required to run afoul of section 1392(c) under Cuyamaca Meats, Inc. v. San Diego and Imperial Cntys. Butchers' and Food Emp'rs' Pension, 827 F.2d 491 (9th Cir. 1987).  Accordingly, the court hereby DISMISSES this cause of action, for failure to adequately allege avoidance and evasion under ERISA § 4212(c).  Leave to amend is granted, so that plaintiffs may attempt to cure the foregoing deficiencies.

6.     Finally, to the extend defendants seek dismissal of plaintiffs' sixth cause of action alleging successor liability against defendant Case Dealer, defendants' motion is DENIED.  Plaintiffs allege that Case Dealer was aware that the WPE defendants were subject to withdrawal liability and "chose to assume the obligation to pay the withdrawal

5

liability as evidenced by the letter agreement." FAC, ¶ 81. Plaintiffs also allege that there is "substantial continuity" between Case Dealer and the WPE defendants since Case Dealer employs the same union members, operated at the same facilities, used the same numbers, provided the same services, and used the same equipment – all to service some of the same customers as WPE. FAC, ¶ 82. These allegations are sufficient, pursuant to Ninth Circuit precedent, to state a plausible claim for successor liability against Case Dealer. See Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc., 823 F.2d 289, 293 (9th Cir. 1987); see also NLRB v. Jeffries Lithograph Co., 752 F.2d 459, 463-69 (9th Cir.1985). The court furthermore notes that, while defendant argues that the Ninth Circuit has never imposed successor liability under ERISA in the withdrawal liability context, the Ninth Circuit *has* found successor liability under ERISA in the context of ERISA contributions, further suggesting the propriety of denying defendants' motion to dismiss at this juncture. See Hawaii Carpenters, 823 F.2d 289; see also Trs. for Alaska Laborers-Constr. Indus. Health and Sec. Fund v. Ferrell, 812 F.2d 512 (9th Cir. 1987).

At the hearing, the court granted plaintiffs 28 days in which to file an amended complaint. Plaintiffs duly filed their second amended complaint on March 16, 2011. Defendants' response to the second amended complaint is due no later than April 6, 2011.

**IT IS SO ORDERED.**

Dated: March 27, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge