1 | RICHARD C. JOHNSON (SBN 40881)
SHAAMINI A. BABU (SBN 230704)
2 | SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
3 | San Francisco, CA 94104
(415) 882-7900
4 | (415) 882-9287 – Facsimile
djohnson@sjlawcorp.com
5 | sbabu@sjlawcorp.com

6 | Attorneys for Plaintiffs

7

8 | UNITED STATES DISTRICT COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 | OPERATING ENGINEERS' PENSION
TRUST FUND, et al.,

Case No.:  C 10-04460 PJH

11
Plaintiffs,

**JOINT CASE MANAGEMENT**
**STATEMENT; REQUEST TO**
**CONTINUE CMC; AND [PROPOSED]**
**ORDER**  AS MODIFIED BY THE COURT

12 | vs.

13 | WESTERN POWER & EQUIPMENT CORP,
et al., ,

14

15 | Defendants.

CMC:             June 2, 2011
Time:            2:00 p.m.
Courtroom:       3, 3rd Floor
Judge:           Phyllis J. Hamilton

16

17

18    The Second Amended Complaint ("SAC") was filed on March 16, 2011 ("Docket 53")

19 | pursuant to this Court's Minute Order dated February 16, 2011 (Docket No. 45).  In accordance

20 | with Rule 16 and 26(f) of the Federal Rules of Civil Procedure, Northern District Local Rule 16-9,

21 | and the Standing Order for All Judges of the Northern District of California, the parties hereto

22 | submit this Joint Case Management Conference Statement.

**Jurisdiction**
23

24    1.    Subject matter jurisdiction is proper under 28 U.S.C. § 1331.  This action involves

25 | alleged withdrawal liability of $669,055 plus interest, liquidated damages, attorneys' fees and

26 | costs owed to Plaintiff Operating Engineers Pension Trust Fund ("Trust" or "Fund") by Western

27 | Power Equipment Corp., a Delaware corporation, and Western Power & Equipment Corp., an

28 | Oregon corporation (collectively "WPE Defendants") under ERISA as amended by the

1  Multiemployer Pension Plan Amendments Act of 1980.  Plaintiffs contend personal jurisdiction

2  exists as to all defendants.   Counsel for Defendants Rubin, Rubin Trust and McLain contend that

3  the Court lacks personal jurisdiction over said defendants.

4  **Defendants CDHC and CNH**

5  2.      Defendants Case Dealer Holding Company, LLC ("CDHC") and CNH America,

6  LLC ("CNH") have appeared in this action (Docket No. 10) and are represented by legal counsel

7  that is registered with the Court's Electronic Case Filing system.  Plaintiffs allege Defendant

8  CDHC is liable for breach of contract, conversion, evasion of withdrawal liability and as

9  successor.  Plaintiffs allege that Defendant CNH  is liable as the parent of Defendant CDHC.

10 Defendants CDHC and CNH  are vigorously opposing Plaintiffs' claims and filed a Motion to

11 Dismiss the Second Amended Complaint calendared to be heard on June 22, 2011.  Plaintiffs will

12 oppose said motion.

13 **Defendant APM I**

14 3.      Plaintiffs allege that Defendant APM I is liable as a control group member of the

15 WPE Defendants under ERISA § 4219(a).   Defendant Arizona Pacific Materials I, LLC ("APM

16 I") appeared in this action (Docket No. 39) through its legal counsel that is registered with the

17 Court's Electronic Case Filing system. Plaintiffs have been advised that counsel inadvertently

18 appeared on behalf of Defendant APM I and will file a motion to withdraw as counsel.  Defendant

19 APM I's answer or responsive pleading to the Second Amended Complaint is due on May 26,

20 2011.   Docket No. 72.   Plaintiffs will stipulate to an extension for APM I to answer or file a

21 responsive pleading in light of the anticipated motion to withdraw as counsel.

22 **Defendant APM II**

23 4.      Defendant Arizona Pacific Materials II, LLC ("APM II") has appeared in this

24 action (Docket No. 39) and is represented by legal counsel that is registered with the Court's

25 Electronic Case Filing system.  Plaintiffs allege that Defendant APM II is liable as a control group

26 member of the WPE Defendants under ERISA § 4219(a).  Counsel for APM II has produced

27 certain documents relevant to this action voluntarily without the need for Plaintiffs to propound

28

1    written discovery; additional relevant documents remain to be produced. Defendant APM II's

2    answer or responsive pleading to the Second Amended Complaint is due on May 26, 2011.

3    Docket No. 69.  Plaintiffs have voluntarily dismissed APM II without prejudice.  Plaintiffs reserve

4    the right to conduct discovery with respect to documents and information in possession of APM II

5    or to which it has access.

6    **Defendant Rubin**

7        5.      Defendant Robert Rubin ("Rubin") and Rubin Family Irrevocable Trust ("Rubin

8    Trust") are represented by legal counsel.  Plaintiffs allege that Defendants Rubin and Rubin Trust

9    are liable under Cal. Corp. Code §2011(a), 8 Del. C. 1953, §242, and Or. Rev. Stat. §60.645.

10   Counsel for Defendants Rubin and Rubin Trust contends that he is entitled to a dismissal since he

11   did not receive any distributions at the time of dissolution of WPE Defendants.  Counsel for

12   Defendants Rubin and Rubin Trust has produced certain documents relevant to this action

13   voluntarily without the need for Plaintiffs to propound discovery; additional relevant documents

14   remain to be produced.  Defendants Rubin and Rubin Trust's answer or responsive pleading to the

15   Second Amended Complaint is due on May 26, 2011.   Docket No. 73.  However, Plaintiffs have

16   stipulated to an extension until June 23, 2011 (the day after the hearing on Defendants CDHC and

17   CNH's motion to dismiss) for Defendants Rubin and Rubin Trust to file an answer or responsive

18   pleading.  Docket No. 83.

19   **Defendant McLain**

20       6.      Defendant Dean McLain ("McLain") is represented by legal counsel.  Plaintiffs

21   allege that Defendant McClain is liable under Cal. Corp. Code §2011(a), 8 Del. C. 1953, §242,

22   and Or. Rev. Stat. §60.645.   Counsel for Defendant McLain contends that he is entitled to a

23   dismissal since he did not receive any distributions at the time of dissolution of WPE Defendants.

24   Counsel for Defendant McLain has produced certain documents relevant to this action voluntarily

25   without the need for Plaintiffs to propound discovery; additional relevant documents remain to be

26   produced.  Defendant McLain answer or responsive pleading to the Second Amended Complaint

27   is due on May 26, 2011.   Docket No. 73.  However, Plaintiffs have stipulated to an extension until

28

1  June 23, 2011 (the day after the hearing on Defendants CDHC and CNH's motion to dismiss) for

2  Defendant McLain to file an answer or responsive pleading.  Docket No. 83.

3  **WPE Defendants**

4          7.      The WPE Defendants have not yet appeared in this action.  Plaintiffs are informed

5  and believe that the entities are dissolved.  Plaintiffs allege that service of WPE Defendants was

6  effectuated through service on its shareholder Defendant Rubin on January 29, 2011, pursuant to

7  Cal. Corp. Code §2011(b).  At this time, Plaintiffs' counsel has not been contacted by anyone on

8  behalf of WPE Defendants.  Plaintiffs are in the process of ascertaining if WPE Defendants intend

9  to appear in this action.

10  **Facts**

11         8.      Plaintiffs assert as follows:

12         (a)     Defendants WPE Defendants were a participating single employer in the Trust.

13  WPE Defendants were obligated to and did make contributions to the Trust on behalf of their

14  employees that were covered under that Bargaining Agreement.

15         (b)     Plaintiffs are informed and believe that on or about June 2008, WPE Defendants

16  agreed to sell and Defendant Case CDHC agreed to purchase the assets of the WPE Defendants

17  ("Asset Purchase Agreement") for $30 million ("Purchase Price").   The sale caused WPE

18  Defendants to make a complete withdrawal from the Trust under ERISA § 4203(b) (29 U.S.C. §

19  1383(b)) in the 2008 plan year.

20         (c)     On August 29, 2008, WPE Defendants and Defendant CDHC entered into a letter

21  agreement ("Letter Agreement") which specified that Defendant CDHC was unwilling to close the

22  transactions in connection with the purchase of the assets of WPE Defendants unless provision

23  was made for satisfaction of a possible claim by the Trust for withdrawal liability.  Plaintiffs were

24  not informed of the Letter Agreement by the Defendants until the WL Holdback Period had

25  expired.  The Letter Agreement is attached as Exhibit A to the Second Amended Complaint.

26         (d)     Pursuant to the Letter Agreement, Defendant CDHC agreed to withhold the sum of

27  $725,000 plus 4.25% interest from the Purchase Price for a one year period from August 29, 2008,

28

**1** through August 29, 2009 ("WL Holdback Period"), in order to pay the withdrawal liability of the

**2** WPE Defendants ("WL Holdback").

**3**       (e)     WPE Defendants reported contributions to the Trust for covered work performed

**4** through November 2008 and thereafter, reported zero work hours to the Trust through June 2009.

**5** As such, WPE Defendants were still reporting to the Trust two (2) months before the arbitrary

**6** one-year WL Holdback expired in August 2009.

**7**       (f)     By letter dated December 3, 2009, Plaintiffs notified WPE Defendants of the

**8** withdrawal liability assessed against it pursuant to ERISA § 4201- 4203 due to its withdrawal

**9** from the Trust on or about December 1, 2008.

**10**       (g)     WPE Defendants failed to make any of the required quarterly installment

**11** payments, request review, initiate arbitration, or provide any information regarding control group

**12** members.  The time to request review expired on March 4, 2010.

**13**       (g)     On March 15, 2010, WPE Defendants' counsel John Riley notified Plaintiffs'

**14** counsel via e-mail of the Letter Agreement for the first time after the WL Holdback Period had

**15** expired.  John Riley further advised that the WL Holdback was garnished by Defendant CDHC to

**16** satisfy a judgment entered in favor of Defendant CDHC in July 2009 in a state action against the

**17** WPE Defendants.  In reliance on said e-mail, Plaintiffs are informed and believe that the entire

**18** WL Holdback was converted by Defendant CDHC in late 2009 for its own use and benefit without

**19** notice to Plaintiffs.

**20**       (h)     On March 17, 2010, Plaintiffs notified WPE Defendants that they would be in

**21** default if they failed to cure the delinquent installment payments within sixty (60) days pursuant to

**22** ERISA.  As of the filing of this Complaint, WPE Defendants have not cured their delinquent

**23** quarterly payments and thus, are in default.  Under ERISA § 4219(c)(5) (29 U.S.C. § 1399(c)(5)),

**24** the entire unpaid withdrawal liability of $669,055 plus interest was accelerated and became

**25** immediately due on May 19, 2010.

**26**

**27**

**28**

1    (i)    On September 15, 2010, Plaintiffs made a demand for the WL Holdback from

2  Defendants CDHC and CNH America.  Said Defendants failed and continue to fail to release the

3  WL Holdback to the Trust.

4    9.    Defendants CDHC and CNH assert:

5    (a)    Although Plaintiffs allege that the sale caused the WPE Defendants to make a

6  complete withdrawal from the Trust under ERISA § 4203(b) (29 U.S.C. § 1383(b)) in the 2008

7  plan year, in fact the WPE Defendants continued to employ bargaining unit employee(s) even after

8  its sale of certain assets to CDHC, and the WPE Defendants reported contributions to the Trust for

9  covered work performed through November 2008.  SAC ¶ 37.

10    (b)    The WPE Defendants continued to operate and made contributions to the Operating

11  Engineers' Pension Trust Fund even after CDHC purchased certain assets from the WPE

12  Defendants, and therefore CDHC and CNH could not possibly have been on notice of, or

13  accountable for, the WPE Defendant's alleged complete withdrawal.

14  **Legal Issues**

15    10.    Plaintiffs assert the following:

16    (a)    The cessation of WPE Defendants' obligation to contribute to the Fund

17  constituted a complete withdrawal under ERISA § 4203(a) which thereby made WPE Defendants

18  liable to the Fund for withdrawal liability.  Pursuant to ERISA § 4219 Defendants were timely

19  assessed withdrawal liability of $669,055 on December 3, 2009.

20    (b)    WPE Defendants failed to make any additional withdrawal liability

21  installment payments as required by ERISA § 4219(c)(2) and failed to cure its delinquency in

22  response to Plaintiffs' 60-day notice to cure.  Therefore, WPE Defendants are in default and

23  Plaintiffs are entitled to accelerate the outstanding balance of the withdrawal liability for the sum

24  of $669,055 pursuant to ERISA § 4219(c)(5).

25    (c)    Defendants are jointly and severally liable for the outstanding withdrawal

26  liability of $669,055 plus interest, liquidated damages, attorneys' fees and costs on the basis that

27  they are either control group members, a successor, a parent, breached a contract, converted funds,

28

1  engaged in transactions to evade withdrawal liability, and/or received distributions upon the

2  dissolution of WPE Defendants as explained herein.

3         (d)     Plaintiffs are entitled to injunctive relief requiring Defendants to provide

4  documentation of all trades or businesses which are within their control group as defined under

5  ERISA § 4001(b) (29 U.S.C. § 1301(b)).

6         (e)     Defendants waived their right to contest the withdrawal liability and waived

7  all affirmative defenses by failing to timely initiate arbitration in accordance with ERISA §

8  4221(a) and PBGC Reg. §4221.3(d).

9        11.    Defendants CDHC and CNH assert the following:

10         a)     With respect to CDHC and CNH, Plaintiffs allege claims for breach of

11  contract (second cause of action), conversion (third cause of action), against CNH as the parent

12  company of CDHC (fourth cause of action), engaging in transactions to evade and avoid

13  withdrawal liability (fifth cause of action), and for withdrawal liability as the successor to WPE

14  (sixth cause of action).

15

16         b)     Plaintiffs' claims against CDHC and CNH allegedly derive from the Letter

17  Agreement between the WPE Defendants and CDHC.

18

19         c)     As this Court has already discussed in its March 28, 2011 Order Granting in

20  Part and Denying in Part Motion to Dismiss (Docket No. 66), the four corners of the Letter

21  Agreement negate Plaintiffs' claims against CDHC and CNH for breach of contract, conversion,

22  and engaging in transactions to evade or avoid withdrawal liability.  Likewise, CDHC and CNH

23  believe Plaintiffs' claims based upon an alleged successor in interest theory will fail because

24  Plaintiffs have not alleged, and cannot establish, that Plaintiffs gave timely notice to CDHC or

25  CNH of the complete withdrawal liability now asserted against the WPE Defendants.

26

27

28

**1**  **Motions**

**2**       12.      Currently, Defendants CDHC and CNH America's Motion to Dismiss the Second

**3**  Amended Complaint is the only motion pending and calendared to be heard on June 22, 2011,

**4**  which Plaintiffs will oppose.  Plaintiffs will file a Motion for Summary Judgment against the

**5**  defendants that have appeared in this action as necessary after conducting a factual investigation

**6**  and  discovery.    Plaintiffs  anticipate  filing  a  Motion  for  Default  Judgment  against  WPE

**7**  Defendants.  One or more discovery motions may be necessary, but Plaintiffs will attempt to

**8**  resolve such matters amicably and without need the Court's intervention.  Plaintiffs expect to file,

**9**  as necessary, motions in limine regarding evidentiary issues prior to trial.  Plaintiffs anticipate that

**10**  all dispositive motions and all non-discovery motions will be heard by or before the final pretrial

**11**  conference.

**12**  **Amendment of Pleadings**

**13**       13.      Plaintiffs may request the Court for leave to amend the Complaint, if necessary,

**14**  after the Court rules Defendants CDHC and CNH America's Motion to Dismiss.    Defendants

**15**  CDHC and CNH oppose any further amendment of the Complaint.

**16**  **Evidence Preservation**

**17**       14.      The parties are taking necessary steps to preserve evidence relevant to the issues

**18**  reasonably evident in this matter.  These steps include the preservation of all known evidence, and

**19**  instructions to personnel of the parties to retain such evidence should it come to their attention.

**20**  **Discovery**

**21**       15.      To date, Plaintiffs have received certain documents relevant to this action

**22**  voluntarily from counsel for Defendants APM II, Rubin, Rubin Trust and McLain without the

**23**  need for Plaintiffs to propound written discovery; additional relevant documents remain to be

**24**  produced. Plaintiffs propose the following discovery plan in accordance with Fed. R. Civ. P. 26(f):

**25**       (a)      Rule 26(f) Disclosures (Fed. R. Civ. P. 26(f)(2)(A)): Plaintiffs served initial

**26**  disclosures on May 25, 2011, pursuant to this Court's Order, and will supplement as necessary.

**27**  Docket 63.  Defendants CDHC and CNH served initial disclosures on May 26 2011, pursuant to

**28**

this Court's order, and will supplement as necessary.

(b)       Subjects on Which Discovery May be Needed (Fed. R. Civ. P. 26(f)(2)(B)): The parties anticipate discovery will be necessary regarding the following issues, including but not limited to:

(i)       Asset Purchase Agreements, Letter Agreement, WL Holdback, members of WPE Defendants' control group, WPE Defendants' corporate status, WPE Defendants' assets at all relevant time periods;

(ii)       Distributions received by Defendants Rubin, Rubin Trust and McLain from WPE Defendants;

(iii)       Facts relevant to further establish that Defendant Case Power is a successor and that Defendant CNH America is its parent, scope of the conversion of the withdrawal liability holdback by Defendant Case Power, scope of the breach of the withdrawal liability holdback agreement by Defendant Case Power, transaction Defendant Case Power engaged in to evade withdrawal liability.  This may involve written discovery as well as the deposition of multiple witnesses.

(iv)       Defendant CDHC's purchase of certain assets of the WPE Defendants, and the subsequent activities of WPE Defendants including WPE Defendants' employment of bargaining unit employee(s) and contributions to Plaintiffs' Operating Engineers' Pension Trust Fund through November 2008;

(v)       Defendant CDHC's employment of certain bargaining unit employees who had previously worked for WPE, including that the terms and conditions of said employment did not include participation in Plaintiff Operating Engineers' Pension Trust Fund;

(vi)       The timing of any notice to CDHC and/or CNH of the WPE Defendant's alleged withdrawal liability;

(vii)     Facts relevant to further establish that CDHC is not a successor to the WPE Defendants.

(c)     <u>Electronically Stored Information</u> (Fed. R. Civ. P. 26(f)(2)(C)): The parties do not foresee any issues related to the discovery of electronic information.  To the extent any exists, the parties believe it should be produced in electronic form.

(d)     <u>Claims of Privilege or of Protection</u> (Fed. R. Civ. P. 26(f)(2)(D)):   The parties propose that the following provisions apply, in the circumstances set out, to disclosure of a communication or information covered by the attorney-client privilege or work-product protection:

    (1)     Disclosure Made; Scope Of A Waiver

        When the disclosure is made in this action and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in this action only if:
        (i)     the waiver is intentional;
        (ii)    the disclosed and undisclosed communications or information concern the same subject matter; and
        (iii)   they out in fairness to be considered together.

    (2)     Inadvertent Disclosure
        When made in this action, the disclosure does not operate as a waiver in this action if:
        (i)     the disclosure is inadvertent;
        (ii)    the holder of the privilege or protection took reasonable steps to prevent disclosure; and
        (iii)   the holder promptly took reasonable steps to recertify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B).

The parties reserve the right to protect or compel relevant information and documents in accordance with applicable law.

(e)     <u>Changes to Limitations on Discovery</u> (Fed. R. Civ. P. 26(f)(2)(E)): The parties request no changes to be made to the limitations on discovery at this time.

(f)     <u>Other Orders</u> (Fed. R. Civ. P. 26(f)(2)(F)): The parties are currently unaware of the need for any such orders.

(g)     The parties anticipate that discovery will be completed within the time specified herein. The parties do not believe that discovery should be conducted in phases.  At this time, the

1 parties do not currently anticipate the need for any orders under Rule 26 or 29-37 of the Federal

2 Rules of Civil Procedure.

3 **Class Actions**

4      16.     Inapplicable.

5 **Related Cases**

6      17.     There are no pending related cases.

7 **Relief**

8      18.     Plaintiffs seek the following damages, and provide the following description of the

9 bases on which damages are calculated: (1) Plaintiffs seek unpaid withdrawal liability of

10 $669,055; (2) plus interest; (3) plus liquidated damages equal to the greater of (a) the accrued

11 interest on Defendants' unpaid withdrawal liability, or (b) twenty percent (20%) of the unpaid

12 withdrawal liability; and (4) Plaintiffs' attorneys' fees and cost.  Plaintiffs also seek injunctive

13 relief in the form of a mandate that Defendants provide documentation of all trades or businesses

14 which are within WPE Defendants' control group as defined under ERISA § 4001(b) (29 U.S.C. §

15 1301(b)).  CDHC and CNH deny that any claims against them have merit, and therefore no relief

16 against CDHC or CNH is proper.  However, if liability were established against CDHC and/or

17 CNH, they cannot be held  responsible for the full amount of the WPE Defendant's alleged

18 complete withdrawal liability, in part because the WPE Defendants continued to operate and made

19 contributions to the Operating Engineers' Pension Trust Fund even after CDHC purchased certain

20 assets from the WPE Defendants, and therefore CDHC and CNH could not possibly have been on

21 notice of, or accountable for, the WPE Defendant's alleged complete withdrawal.

22 **ADR Process**

23      19.     Plaintiffs and Defendants CDHC and CNH have filed their ADR Certifications,

24 Dockets No. 77 and 74, respectively.  Plaintiffs and Defendants CDHC and CNH,Rubin, Rubin

25 Trust and McLain filed a Notice for Need for ADR Conference.  Dockets No. 75 and 76.  The

26 ADR Clerk has scheduled the call for **June 1, 2011, at 9:00 a.m.**  Plaintiffs' counsel intends to

27 participate in the call.

28

**Consent to Magistrate Judge for All Purposes**

20.     The parties do not consent to a magistrate judge for all purposes.

**Other References**

21.     The parties do not believe that the case is suitable for reference to binding arbitration or any other reference.

**Narrowing of Issues**

22.The parties may be able to narrow the issues by agreement, and may be able to expedite the presentation of evidence at trial. The parties believe discussion of these issues at the present time is premature.  The parties do not currently request that any issues, claims, or defenses be bifurcated.

**Expedited Schedule**

23.     The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

**Scheduling**

24.     The parties believe the following general guidelines are appropriate:

(a)     Expert Witness Disclosure by Plaintiffs: 180 days prior to Pretrial Conference;

(b)     Expert Witness Disclosure by Defendants: 150 days prior to Pretrial Conference;

(c)     Discovery Cut Off: 60 days prior to Pretrial Conference;

(d)     Law and Motion Cut Off: 30 days prior to Pretrial Conference;

(e)     Final Pretrial Conference: 90 days prior to Trial;

(f)     Settlement Conference: 45 days prior to Trial;

(g)     Trial: TBD.

The parties respectfully reserve the right to seek modification of the above-proposed schedule as this action develops.

**Trial**

25.The parties are willing to have a Court trial to expedite the adjudication of claims.  The expected length of trial is 2-5 court days.

**Disclosure of Non-Party Interested Entities or Persons**

26.    Plaintiffs filed their Certification of Interested Entities or Persons on October 22, 2010. Docket No. 11.  Plaintiffs certified that, pursuant to Civil L.R. 3-16, other than the named parties, there is no such interest to report.  Defendants CDHC and CNH filed their Certification of Interested Entities or Persons on October 22, 2010 (Docket No. 11).  CDHC and CNH certified that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding: Defendants CASE DEALER HOLDING COMPANY LLC and CNH AMERICA LLC; the parent company of CNH AMERICA LLC: Case New Holland Inc, and its parent company: CNH Global N.V., which is a publicly traded company.

**CMC**

27.    As indicated above, the parties will participate in the ADR Conference call scheduled for June 1, 2011.  A CMC is currently calendared on the following day on June 2, 2011. The parties request that the CMC currently calendared for June 2, 2011, be continued to coincide with the hearing on Defendants CDHC and CNH's Motion to Dismiss on June 22, 2011, at 9:00 a.m.  If the CMC is not postponed as requested the parties may be required to prematurely address issues at the CMC which may be resolved through a ruling on the Motion to Dismiss.  Further, the parties will be provided with additional opportunity to attempt to stipulate to an ADR procedure if the CMC is postponed as requested.

Dated:   May 26, 2011                          SALTZMAN & JOHNSON
                                               LAW CORPORATION

                                        By: _____/s/_____
                                               Shaamini A. Babu
                                               Attorney for Plaintiffs

1   Dated:   May 26, 2011                          FORD & HARRISON LLP

2

3                                        By: _____/s/_____
                                             Steven L. Brenneman
4                                            Sandra J. McMullan
                                             Attorneys for Defendants Case Dealer Holding
5                                            Company LLC and CNH America LLC
                                             350 S. Grand Avenue, Suite 2300
6                                            Los Angeles, CA 90071

7

8   Dated:  May 26, 2011                          TRAVIS & PON

9

10                                       By: _____/s/_____
                                             Monte Travis
11                                           Counsel for Defendants Dean McLain, Robert Rubin,
                                             and Rubin Family Irrevocable Trust

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                                          **ORDER**

3        Based on the foregoing Stipulation of the parties, the Case Management Conference is
                              September 1, 2011 at 2:00 p.m.
4   hereby continued to ~~June 22, 2011, to coincide with the hearing on the Motion to Dismiss~~.

5        IT IS SO ORDERED.

6

7   Dated: _____     5/31/11

8                                                PHYLLIS J. HAMILTON
                                                 United States

9

10

11

12

13

14



15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                        JOINT CMC STATEMENT
                              CASE NO. C10- 004460 PJH

PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California.  I am over the age of eighteen and not a party to this action.  My business address is 44 Montgomery Street, Suite 2110, San Francisco, California 94104.

On May 26, 2011, I served the following document(s):

**JOINT CASE MANAGEMENT STATEMENT; REQUEST TO CONTINUE CMC; AND [PROPOSED] ORDER**

<u>XX</u>    **ELECTRONICALLY** by causing said document to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System indicated below.

Robert Friedman
Dianne B. Smith
M. Michael Cole
Sheppard Mullin Richter & Hampton LLP
1300 I Street, NW, 11th Floor East
Washington, DC 20005
*VIA ECF*
*Attorneys for Defendant: Arizona Pacific Materials II LLC*

Sandra J. McMullin
Steven L. Brenneman
Ford & Harrison LLP
350 S. Grand Avenue, Suite 2300
Los Angeles, CA 90071
*VIA ECF*
*Attorneys for Defendants: Case Dealer Holding Company LLC*
*and CNH America LLC*

Monte S. Travis
Law Offices of Travis & Pon
2271 California Street
San Francisco, CA 94115
*VIA ECF*
*Attorney for Defendants: Dean McLain, Robert Rubin, and*
*Rubin Family Irrevocable Trust*

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 26th day of May, 2011, at San Francisco, California.

_____/S/_____
Jonathan Sha

16
JOINT CMC STATEMENT
CASE NO. C10- 004460 PJH